Dear Mr. Robertson:
You have requested an opinion of the Attorney General, on behalf of the Board of Commissioners for the Atchafalaya Basin Levee District ("District") regarding the deposit and use of certain tax revenues. You specifically ask whether taxes collected under the provisions of R.S. 38:404 and 421, and deposited in a separate account of the District pursuant to R.S. 38:331, may be used for the general operations of the District.
R.S. 38:331 provides:
 "§ 331. Assessment, allocation to Atchafalaya Basin Levee District by Terrebonne Parish revenue utilization.
 A. All of the taxes which are collected in Terrebonne Parish each year under the provisions of R.S. 38:404 and 421 shall be retained in a separate account of the Atchafalaya Basin Levee District.
 B. Annually, the Atchafalaya Basin Levee District shall remit fifty percent of the revenues in the separate account established in Subsection A of this Section to the parish of Terrebonne as provided in Subsection C of this Section for levee construction, levee maintenance, and other flood-control works necessary to help alleviate tidal flooding within the parish of Terrebonne. The remaining fifty percent of the revenues in the separate account established in Subsection A shall remain in the account of the Atchafalaya Basin Levee District.
 C. All of the revenues which are remitted to Terrebonne Parish for flood-control works as provided in Subsection B of this Section, shall be remitted to the South Terrebonne Parish Tidewater Management and Conservation District and shall be used for works which are located within the territorial limits of the district as provided in R.S. 38:3327(E)."
Section 404 authorizes the Commissioners of the Levee District to levy an annual tax, pursuant to Article VI, Section 39 of the Louisiana Constitution of 1974, of up to five mills on the dollar of the assessed valuation of all taxable property situated within the alluvial portions of the District subject to overflow.
Section 421 authorizes the Commissioners to levy, annually, a local assessment of two and one-half cents on each acre of land within the District and Sixty Dollars ($60.00) per mile on railroad lines within the District.
As noted in Section 331, supra, that portion of the tax revenues collected in Terrebonne Parish must be retained in a separate account of the District. The District is required to remit fifty percent of said revenues to Terrebonne Parish to be used by that entity for the specific purposes enumerated in Section 331(B), said purposes to encompass levee construction, levee maintenance and other flood-control works necessary to help alleviate tidal flooding within the Parish of Terrebonne. R.S. 38:3327(E) requires the remission of these funds on July 1 of each year.
As further noted, Section 331(B) provides that the remaining fifty percent of the tax revenues shall remain in the account of the District. While the statute specifically provides for the purposes for which the transferred funds are to be used by and within the Parish of Terrebonne, it is silent regarding the use of the fifty percent retained by the District.
In the absence of any statutory or constitutional language to the contrary, it is the opinion of this office that the fifty percent portion of the tax revenues retained by the District may be used for its general operations. We find this use to be consistent with R.S. 38:404 and 421 and Article VI, Section 39.
You have subsequently asked whether the District may transfer the fifty percent residual from the separate account established in R.S. 38:331 to its general operating account. As noted above, the law specifically provides that "The remaining fifty percent of the revenues in the separate account established in Subsection A shall remain in the account of the Atchafalaya Basin Levee District."
In this regard, you state that it is the belief of the Commissioners of the District that the legislature did not intend for this residual portion to remain in the separate account, but rather that it be transferred to the District's general operating account. While this may be true, we recommend that you seek remedial legislation to more clearly reflect such an intent. It is my understanding from our telephone conversation that remedial legislation has been proposed for this current legislative session which would accomplish this purpose.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am very truly yours
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob[3]/cla
Mr. Gordon Robertson Accountant/Bd of Comm's Atchafalaya Basin Levee District Post Office Box 170 Port Allen, LA 70767-0170
DATE RECEIVED:
DATE RELEASED:
Mr. Robert E. Harroun Assistant Attorney General